ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D C    Atlanta

MAY - 1 2007

JAMES N. HATTEN, Clerk
By: *JxPinckney* Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DIVISION OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| FLORENCIO CEPERO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION FILE |
| v. | § | NUMBER: _____ |
| | § | |
| LOOMIS, FARGO & CO. and LOOMIS | § | **1 07 CV 0973** |
| ARMORED US, INC. | § | |
| | § | |
| Defendants. | § | **CC** |

## COMPLAINT

Comes Now Plaintiff, Florencio Cepero, and shows this Court as follows:

## NATURE OF COMPLAINT

1.

This Complaint is filed by Plaintiff Florencio Cepero against Loomis, Fargo

& Co. and Loomis Armored US, Inc. to obtain full and complete relief and to

redress the unlawful employment practices described herein. This action seeks

declaratory, compensatory, liquidated and any and all other applicable equitable

relief from Defendants arising from Defendants' discrimination in employment as

set forth below, Defendants' systematic and willful violation of the Fair Labor

Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq.* (hereinafter "FLSA")

and breach of contract.

2.

To ensure that all proper parties are before the Court, Plaintiff names each of

the Defendants (which Defendants include related corporate entities) as Plaintiff's

employer in this matter. Plaintiff maintains that one or both of the parties named

herein employed Plaintiff, as well as any other entities or employers that the

evidence may show.  Plaintiff makes these allegations based upon his

understanding of the relationships of the parties.  Following the opportunity to

confer with defense counsel, Plaintiff will agree to a voluntary dismissal (without

prejudice to Plaintiff's claims against proper party defendants) of any Defendant

whom all parties agree is not a proper party defendant in this action.

## THE PARTIES, JURISDICTION AND VENUE

3.

This Court has subject matter jurisdiction of the claims herein pursuant to 29

U.S.C. §§216(b) and (c), and 28 U.S.C §1331 and 28 U.S.C. §1337.

4.

Defendant Loomis, Fargo & Co. (hereafter "Loomis Fargo") is a Texas

corporation, doing business within the State of Georgia and the unlawful

employment practices alleged herein were committed within the state of Georgia.

Loomis Fargo has a place of business at 793 Marietta Street, Atlanta, Fulton

County, Georgia, where service may be perfected upon Loomis Fargo by serving manager John Field, thereby subjecting Loomis Fargo to the in personam jurisdiction of this Court, and rendering venue proper in this Court pursuant to 28 U.S.C. §1391 and 28 U.S.C. § 90.

5.

Loomis Armored U.S., Inc. (hereafter "Loomis Armored") is a Texas corporation, registered to do business with and doing business within the State of Georgia, and Loomis Armored may be served with the complaint and summons by serving same upon said Loomis Armored's registered agent, CT Corporation System, at the address listed with the Georgia Secretary of State, 1201 Peachtree Street, NE, Atlanta, Fulton County, Georgia, 30361, after which service said Loomis Armored shall be subject to the in personam jurisdiction of this Court, with venue being proper in this Court pursuant to 28 U.S.C. §1391 and 28 U.S.C. § 90.

6.

Plaintiff, Florencio Cepero is a resident of Hall County, Georgia.

7.

Venue is proper pursuant to 29 U.S.C. §216(b) and Local Rule 3.1B, Northern District of Georgia.

## STATEMENT OF FACTS AND CLAIMS

8.

Plaintiff is an "employee", as defined under FLSA §3(e), 29 U.S.C. §203(e), of Loomis Fargo.

9.

Plaintiff is an "employee", as defined under FLSA §3(e), 29 U.S.C. §203(e), of Loomis Armored.

10.

Loomis Fargo is a private employer engaged in interstate commerce.

11.

Loomis Armored is a private employer engaged in interstate commerce.

12.

Defendant Loomis Fargo is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

13.

Defendant Loomis Armored is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

14.

The Motor Carrier Act exemption does not apply to Loomis Fargo's

obligation to pay Plaintiff time and a half for hours worked over forty (40) per week and Defendant Loomis Fargo is not exempted from paying overtime to Plaintiff under said Act.

15.

The Motor Carrier Act exemption does not apply to Loomis Armored's obligation to pay Plaintiff time and a half for hours worked over forty (40) per week and Defendant Loomis Armored is not exempted from paying overtime to Plaintiff under said Act.

16.

Defendant Loomis Fargo is governed by and subject to 29 U.S.C. §§206 and 207.

17.

Defendant Loomis Armored US is governed by and subject to 29 U.S.C. §§206 and 207.

18.

Plaintiff became employed by Loomis Fargo in December of 2002.

19.

Plaintiff became employed by Loomis Armored in December of 2002.

20.

In July of 2003, Plaintiff was transferred to Atlanta and worked in the coin room at the Marietta Street address referenced in Paragraph 4 above. Plaintiff worked solely in the coin room until August of 2005. During the time Plaintiff worked in the coin room, he was paid time and a half for the hours over forty (40) that he worked each week.

21.

In August of 2005, Plaintiff began working not only in the coin room, but also as an ATM service technician/messenger. Plaintiff worked early mornings in the position Defendants referred to as "ATM service technician" and then worked until early afternoon in the coin room (and overtime as needed). On the weekends, he worked in the position Defendants referred to as "messenger."

22.

In November of 2005, Plaintiff ceased working in the coin room and worked full time in the position of ATM service technician/messenger. His duties in the position Defendants referred to as "ATM service technician" included driving a certain route daily and taking the deposits from the ATMs on that route and placing those deposits in the night deposit boxes for the banks. He also replaced the supplies (ink, receipt paper, envelopes, etc.) needed for the ATM operation.

23.

When Plaintiff originally began working as an ATM service technician, his rate of pay for hours worked Monday through Friday was twelve dollars and thirteen cents ($12.13) an hour. This amount was then raised to fourteen dollars and twenty cents ($14.20) an hour when he passed the ATM service technician test. He remained at this hourly weekday rate until a raise in late January/early February of 2007 (which raise should have been received in December of 2006). During weekday work, Plaintiff drove his own vehicle.

24.

From August of 2005 until June of 2006, Plaintiff often worked weekends for Loomis Armored. When he worked weekends, Loomis Armored categorized his job title as "messenger".

25.

From August of 2005 until June of 2006, Plaintiff often worked weekends for Loomis Fargo When he worked weekends, Loomis Fargo categorized his job title as "messenger".

26.

Plaintiff's duties as a messenger included ATM service (taking deposits from the ATMs and delivering said deposits to base and replacing money in the

ATMs) and delivering money and picking up money from clients (including stores, restaurants, banks, gas stations, etc.) on a route. For weekend work, Plaintiff rode in an armored car vehicle with another driver. During this time period, Plaintiff's rate of pay for weekend work was eighteen dollars ($18.00) per hour.

27.

Plaintiff has never traveled across state lines when working as an ATM service technician/messenger.

28.

During such time as Plaintiff was working weekends, he asked assistant manager Kevin Kelly why he was not being paid properly for weekend work. Plaintiff never received an adequate response regarding how the company decided what amount of money it would pay on what occasion. In June of 2006, Plaintiff stopped working on weekends after his doctor required that he do so because of a foot problem.

29.

After Plaintiff stopped working weekends, Plaintiff continued to question his rate of pay and lack of overtime pay for the hours he worked over 40 hours during the weekdays. Plaintiff continued to work more than 40 hours per week during the weekdays until Defendants stopped scheduling Plaintiff for overtime hours by

making Plaintiff's route shorter in the fall of 2006.

30.

Between August of 2005 and the fall of 2006, Plaintiff customarily worked more than forty (40) hours per week. However, Plaintiff was not paid time and a half for his hours worked over 40 hours per week. Instead, Defendants paid Plaintiff his normal hourly weekday rate for each hour worked Monday through Friday and normal hourly weekend rate for each hour worked on Saturday and Sunday.

31.

After Plaintiff complained about his pay, Defendants stopped scheduling Plaintiff for overtime hours, began deducting from Plaintiff's mileage reimbursement and delayed Plaintiff's yearly raise and mileage reimbursements.

32.

From August of 2005 until the fall of 2006, Plaintiff customarily worked more than 40 hours per week.

33.

Plaintiff was not paid time and a half for all hours worked per week over 40.

34.

Based upon Defendants' policies and procedures, it was agreed between

Plaintiff and Defendants that Defendants were required to pay Plaintiff a set sum per mile for the mileage driven by Plaintiff in the course of his route. The Defendants set Plaintiff's route and set the rate of pay per mile.

35.

After Plaintiff questioned his pay and lack of overtime pay, in May of 2006, Defendant began deducting random sums from the mileage reimbursements that Plaintiff was supposed to receive.

36.

Plaintiff questioned his assistant manager, Kevin Kelly, about why sums were being deducted from his mileage payments. Said assistant manager never provided a specific reason for the deduction of such sums, but has only stated to Plaintiff that it was "the law".

37.

Since Defendants initially shortened Plaintiff's route and stopped allowing Plaintiff to work overtime, Plaintiff has only been given four (4) hours of work over forty (40) hours a week.

38.

Defendants repeatedly and willfully violated the FLSA.

## COUNT ONE - FAIR LABOR STANDARDS ACT, 29 U.S.C. §207

## VIOLATION

### 39.

Plaintiff incorporates and re-alleges paragraphs one (1) through thirty-eight (38) above in this Count One.

### 40.

Defendants violated FLSA §7, 29 U.S.C. §207, by failing to pay overtime wages equal to one and one-half times base pay for those hours over forty (40) worked by Plaintiff each week.

### 41.

Defendants repeatedly and willfully violated the FLSA.

### 42.

Pursuant to FLSA § 16, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover his unpaid overtime differential, liquidated damages in an equal amount, prejudgment interest, attorneys' fees, front pay and the costs of this litigation, and any and all other allowable damages.

## COUNT TWO - 29 U.S.C. §215 –RETALIATION

### 43.

Plaintiff incorporates and re-alleges Paragraphs One (1) through Thirty-

Eight above in this Count Two.

44.

Defendants retaliated against Plaintiff in violation of FLSA §15, 29 U.S.C. §215(b)(3).

45.

Pursuant to 29 U.S.C. §216, Plaintiff brings this lawsuit to recover his lost wages, overtime pay, liquidated damages in an equal amount, prejudgment interest, attorneys' fees, front pay, the costs of this litigation and any and all other allowable damages.

## STATE LAW CLAIMS

## COUNT THREE - BREACH OF CONTRACT

46.

Plaintiff incorporates and re-alleges paragraphs one (1) through thirty-eight (38) above in this Count Three.

47.

Defendants were contractually obligated to reimburse Plaintiff for mileage incurred by Plaintiff using his personal vehicle for Defendants' business purposes. Defendants breached their contract with Plaintiff by randomly deducting from the mileage reimbursement due Plaintiff.

48.

Defendants are liable and indebted to Plaintiff for all remedies and recovery allowed him by law for such breaches and violations, which Plaintiff seeks in this action to the full extent allowed by law.

49.

Plaintiff shows further that Defendants have acted in bad faith, and have otherwise conducted themselves such as to entitled Plaintiff to recover his attorneys' fees and expenses of litigation under O.C.G.A. §13-6-11, which Plaintiff seeks hereby.

## COUNT FOUR – PROMISSORY ESTOPPEL

50.

Plaintiff incorporate and re-alleges paragraphs one (1) through thirty-eight (38) above in this Count Four.

51.

Defendants breached their promises to Plaintiff for to reimburse him for mileage he incurred in using his personal vehicle for business purposes consistent with the terms of his employment contract and Defendants' policies and procedures.

52.

Plaintiff relied upon Defendants' promise to reimburse him for mileage to his detriment in continuing to work for Defendants. Defendants are liable and indebted to Plaintiff for all remedies and recovery allowed him by law for such breaches and violations, which Plaintiff seeks in this action under principles of promissory estoppel and all other applicable law.

<u>PRAYER FOR RELIEF</u>

**Wherefore,** Plaintiff respectfully prays for the following relief:

A.    That process issue against Defendants as provided by law;

B.    That this Court enter judgment awarding Plaintiff unpaid wages pursuant to the 29 U.S.C. §§206 and 207, liquidated damages as provided by 29 U.S.C. §216, prejudgment interest on unpaid wages pursuant to U.S.C. §216, front pay and court costs, expert witness fees and reasonable attorneys' fees as provided under FLSA §16, 29 U.S.C. §216, and all other remedies and damages allowed under the FLSA;

C.    That this Court enter judgment awarding Plaintiff damages pursuant to 29 U.S.C. §216 as described above for the retaliation suffered by Plaintiff;

D.      That the Plaintiff have judgment against and recover from Defendant, compensatory damages to the full extent allowed by law to fully recompense plaintiff for all damages, injuries and losses suffered and to be suffered by plaintiff as a result of Defendants' breaches of promises, agreements and contracts to and with Plaintiff;

E.      That this Court enter judgment awarding Plaintiff his attorneys' fees and expenses of litigation pursuant to O.C.G.A. §13-6-11;

F.      That Plaintiff have trial by jury of the claims set forth herein; and

G.      Such further and additional relief as may be just and appropriate as deemed by this Court.

Respectfully submitted, this ___1st___ day of May, 2007.

                                        ORR & ORR LLP

                                        E. WYCLIFFE ORR, SR.
                                        STATE BAR NUMBER 554500
                                        KRISTINE E. ORR
                                        STATE BAR NUMBER 554630
                                        SPENCE JOHNSON
                                        STATE BAR NUMBER 395469

Orr & Orr, LLP
P.O. Box 2944
Gainesville, Georgia 30503          **ATTORNEYS FOR PLAINTIFF**
(770) 534-1980 (t)
(770) 536-5910 (f)

15